Kirk et als. vs. Kansas City, Shreveport & Gulf R. R. Co.

No. 13,044,

MRS. JANE KIRK ET ALS. VS. KANSAS CITY, SHREVEPORT & GULF RAIL-
•ROAD CO.

SYLLABUS.

(1)  This case is controlled by the principles announced in J. I. Kirk et al vs.
Kansas City. Shreveport & Gulf Railway Co., No. 13,042, decided at the
same time.

(2)  A railroad company must construct at its own cost necessary crossings
over its road bed, so as to enable owners whose lands have been separated by
the same to have access from one part to the other. The failure of the
land owner in granting the right-of-way to stipulate that such crossings
should be constructed does not impair his right to have the same made.
(Heath vs. Texas & Pacific Railway Co., 37th Ann., 728.)

ON APPEAL from the Twelfth Judicial District Court for the
Parish of Vernon. Read, J.

Scarborough & Carver for Plaintiffs and Appellees.

T. Alexander and Pujo & Moss for Defendants, Appellants.

Argued and submitted February 8, 1899.
Opinion handed down March 20, 1899.

The opinion of the court was delivered by
NICHOLLS, C. J.   The plaintiffs asked judgment against the defend-
ant, for twenty-three hundred dollars. The case was tried by a jury,
which returned a verdict in favor of the plaintiffs for three hundred
dollars, and judgment was rendered accordingly.    Defendant ap-
pealed.

Plaintiffs alleged that they were joint owners of certain property
described in their petition.

That they sold to defendant a right of way over said land, consisting
of a strip one hundred feet wide, as would appear from a copy of the
act of sale annexed to their petition.

That, the defendant had since constructed its road through the
land described; that in doing so they had damaged petitioner's pro-
perty in the sum set out. That they had destroyed the residence site

of said place by building an immense embankment through, over and near said residence, so as to completely destroy the value of the residence, and the site on which the residence was situated—they had constructed their road bed between the residence and the farm and pasture lands belonging to the property, so as to render its use almost worthless to petitioners—that the construction of said road-bed in such place was ill-advised, unnecessary and unlawful, and unauthorized, interfering with petitioner's right of property, and an inexcusable destruction of values—the same having been constructed at a point where it caused the greatest possible damage that it could have done, expressly violative of the law made for the protection of petitioners in their right of property.

Defendant answered, pleading first the general issue.

1. They admit that they had purchased the right-of-way through lands of plaintiffs, as described in the copy of the deed annexed to plaintiff's petition, and that the road bed was constructed thereon.

2. They averred that their road-bed was properly located and constructed through said land with all due regard to the topography of the country, as well as the rights and interest of the plaintiffs.

3. They denied that plaintiffs had suffered any special damages whatever from the construction of their road through said land, of any damage of any kind, not contemplated and included in the right of way granted and conveyed by them to the railway company.

## OPINION.

The principles which controlled the case of J. I. Kirk *et al* vs. Kansas City, Shreveport & Gulf Railway Company, No. 13,042, recently decided by this court, control this one also.

Defendant is operating a railroad over a right-of-way granted by the plaintiffs in a deed identical in terms (except as to property) with that granted to it by the plaintiffs in the former suit.

The line was located and the road constructed without opposition from the plaintiffs. They now seek to claim damages from the defendant, on the ground, that it threw up in front of their residence a high embankment so close to the same as to render it uncomfortable, disfigure the property, and diminish its value; on the further ground that the railroad embankment cut the pasture land off from the main portion of the tract, making access to the same inconvenient and burdensome.

Several witnesses testified that defendant had dug trenches on their right-of-way, in order to make the embankment in which water was permitted to stand, tending to the prejudice of the health of the place, and that their stock was liable to stray upon the track and be killed there.

The plaintiff, Mrs. Jane Kirk, is the mother of the co-plaintiffs, J. I. Kirk and Amos A. Kirk.

The sons own the property adjoining that referred to in the present litigation.

The railroad embankment fronts both places.

It is quite high on this particular property, but gradually lowers, and reaches the level of the surrounding land before it leaves the place.

The defendant company constructed a crossway over the embankment on the J. I. and Amos Kirk tract, so as to connect the two parts into which that property was divided by defendant's right-of-way.

Plaintiffs could, therefore, reach their pasture land, by going a short distance either to the right or to the left of the residence.

There is nothing to show that they demanded that defendant should construct a crossing over the embankment on their tract, if one was needed for their convenience.

They were entitled to have exacted such a crossing, and had it been applied for, it would have been defendant's duty, at its cost, to have furnished it. They have not lost that right. (Heath vs. Texas & Pacific Railway Co., 37th Ann. 728.)

The claims for damages as set up by the plaintiffs are for matters which must have been known, forseen and anticipated by the parties at the time the deed between them was executed.

For the same reasons which we assigned in J. I. Kirk vs. Kansas City, Shreveport & Gulf Railway Co., No. 13,042, they must be disallowed.

It is hereby ordered, adjudged and decreed that the verdict of the jury be set aside, and the judgment thereon rendered and herein appealed from be and the same is hereby annulled, avoided and reversed, and plaintiff's demand be and the same is dismissed.

MR. JUSTICE BLANCHARD takes no part, having been of counsel.