### 8618

### WILKINS v. HILTON-DODGE LUMBER. CO.

1. INJUNCTION.—A Circuit Judge should not dissolve a temporary injunction on motion on affidavits where doing so would require him to decide a question of fact.

2. IBID.—RIGHT OF WAY.—Where a right of way has been sold by the owner of a tract of land to another, he does not thereby relinquish his right to cross the right of way with another for his own convenience, when such crossing can be made so as not to interfere materially with the use of the right of way, and on such showing a temporary injunction should be dissolved.

MR. CHIEF JUSTICE GARY *dissents as to the latter.*

Before MEMMINGER, J., Charleston, December, 1912. Reversed.

Action by V. D. S. Wilkins against Hilton-Dodge Lumber Comapny. Defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *Padgett, Lemacks & Moorer,* for appellant. *Messrs. Benj. H. Rutledge* and *B. A. Hagood* cite: *Constructive notice:* 14 S. C. 322; 39 S. C. 84. *Recording option is not notice:* 1 Strob. Eq. 393; 39 S. C. 81; 21 Ency. 925; 113 N. W. 287; 100 N. W. 9; 68 At. 839, 836; 53 S. E. 797; 6 L. R. A. (N. S.) 403; 19 S. E. 536; 60 C. C. A. 103; 24 Ency. 81; Harp. Eq. 191; 17 Johnson 351; 45 S. C. 343; 53 S. C. 341; 24 Ency. 79. *A purchaser is not bound by notice of an equity:* 2 Hill Ch. 421; 12 S. C. 108; 16 S. C. 384; 48 S. C. 516; 77 S. C. 32; 6 L. Ann. R. (N. S.) 408; 27 S. C. 408. *Injunctions do not follow automatically the allegations:* 87 S. C. 566; 69 S. C. 551; 89 S. C. 143; 86 S. C. 160; 176 U. S. 44; 2 Spelling on Ex. Relief 1041.

*Messrs. Logan & Grace,* contra, cite: *An option may be enforced:* 33 Fed. 530; 56 Fed. 1; 26 S. W. 334. *Recording option is notice:* 44 Mass. 390. *Motion to dissolve was*

*properly refused:* 69 S. C. 156; 86 S. C. 160; 87 S. C. 568; 69 S. C. 156; 86 S. C. 160.

July 15, 1913. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This is an appeal from an order of his Honor, Judge Memminger, dated December 23, 1912, refusing to dissolve a temporary restraining order issued by his Honor, Judge Prince, on November 27, 1912. The facts involved in the appeal in brief are: That on July 23, 1912, the plaintiff-respondent, Wilkins, and H. E. Savage, obtained from William B. Fields and Rebecca Bissell, for valuable consideration, an option to purchase a right of way, thirty (30) feet in width, across the lands of said Fields and Bissell, known as Deer Island, for the purpose of building a railroad to carry on timber operations. That after that time, on September 10, 1912, Fields conveyed all of his undivided one-half interest in the timber on said Deer Island tract of land, together with a right of way thirty feet in width over said land, to the Savannah Timber Company, the stock of which said company is owned by the defendant-appellant. That in September, 1912, Rebecca Bissell, for valuable consideration, conveyed her one-half interest in the timber on the same tract of land, known as Deer Island, together with a right of way over the land, thirty feet in width, to the Savannah Timber Company. That the stock of this company is owned by the defendant-appellant. That on October 19, 1912, Fields and Bissell, in pursuance of the agreement, previously by option given to Wilkins and Savage, conveyed to them the right of way of thirty feet in width, and on the same day, to wit, October 19, 1912, Savage conveyed to Wilkins his interest in the right of way, conveyed to him and Wilkins by Fields and Bissell. That after this time the appellant, the Hilton-Dodge Lumber Company, owner of the Savannah Timber Company, began to locate a right of way on

said Fields' or Deer Island tract of land, which would incumber the right of way of respondent, and, as alleged in the complaint, result in a practical confiscation of his property, and irreparable damage, and in order to prevent this the respondent began this proceeding by summons and complaint, and obtained from Judge Prince a temporary restraining order. The appellant moved to set aside this order before Judge Memminger, and he refused this motion. The grounds relied on by appellant before Judge Memminger were mainly two: First, that the appellant was a *bona fide* purchaser, without notice, for valuable consideration of the premises of which it was in possession and that its rights of way were exclusive, and that respondent's rights, if any, were obtained subsequent to his, and secondly, that he was the owner, unquestionably, of the timber, and the rights of way across said premises, and that the crossing of the respondent's right of way, alleged to be about to be made, could work no irreparable injury nor, in fact, injury of any kind to respondent. On hearing this motion, Judge Memminger in his order says: "A clear cut question of fact is made as to whether defendant had actual notice of plaintiff's option before the purchase. The option was recorded, but it appears that its execution by one of the owners of the land shows that on record there is no subscribing witness; whereas, the original, it is claimed for plaintiff in reply, has the names of witnesses, which it is claimed were left off the record by error of the clerk of court." But there was testimony before his Honor clearly showing that the appellant had actual notice of the option of respondent to purchase the right of way before the appellant purchased. The respondent and others make affidavit to this, and appellant denies it under oath.

From the order of Judge Memminger, appellant appeals, and alleged error on practically three grounds: That he erred in not holding that appellant had no actual notice, and even if it did, it did not affect its rights; that appellant

had no constructive notice, as the option is not a recordable instrument, and consequently no notice, and if a constructive notice by recording, it was improperly recorded as to one-half of the premises, and the third ground, that the injuries specified in the complaint as irreparable, were remote and speculative, and were a subject for action for damages, and not for injunction.

We do not think that his Honor was in error in refusing to dissolve the injunction on the grounds there was no actual or constructive notice to the appellant of the option of the respondent. To have done so, would have acquired him to determine a question of fact, on the affidavits, which this Court has repeatedly held, is unsatisfactory, and by refusing to do so the Circuit Court followed the decisions of this Court in a number of cases. *Alderman* v. *Wilson,* 69 S. C. 158, 48 S. E. 85; *Kelly* v. *Tiner,* 86 S. C. 160, 68 S. E. 465; *Childs* v. *Columbia,* 87 S. C. 568; 70 S. E. 296.

We, however, think that his Honor was in error, in not dissolving the injunction, under the authority of *Miller* v. *Seaboard Air Line Ry.,* 94 S. C. 105. Admitting for the purpose of this case, that the respondent had a valid instrument anterior and prior to that of appellant from Fields and Bissell to the right of way claimed by them across Deer Island, and that the appellant knew this before its purchase from Fields and Bissell. Yet Fields and Bissell still owned the land, the fee was in them subject to the right of respondent's right of way, and it would be both unreasonable and absurd to say, that because they had sold a right of way across their lands, that the purchaser of the right of way could prevent them, the owners, from crossing this right of way, in going to and fro across their lands, and not enjoy the use of the lands, of which they were the owners, and the record shows that the appellant here purchased the timber on these lands from Fields and Bissell, and now are the

owners of the timber in question and right of way. The respondent would only have the right to claim their right of way as purchased, and could not prevent the owners of the land in crossing this right of way. Mr. Justice Woods, in *Miller* v. *Seaboard Ry. Co.*, on page 109, *supra*, uses this language: "The rule established by authority and reason, from which we find no dissent, is that where a railroad company acquires a right of way, either by deed, or by condémnation, which divides one tract of land into two parts, the law will not impute an intention so unreasonable as that the railroad company intended to exclude the owner from the right to pass from one part of his land to the other, or that the owner of the land meant to part with such right, but, on the contrary, will hold that the intention was that the owner of the land would of necessity have the right of crossing, if a crossing could be made so as not to interfere materially with the use of the right of way, acquired, by the railroad company. *Baltimore & O. Ry.* v. *Slaughter,* 167 Ind. 330, 79 N. E. 186; *Kansas City & E. R. Co.* v. *Kregelo,* 32 Kan. 608, 5 Pac. 15; *Atchison, T. & S. F. Ry. Co.* v. *Colon,* 9 Kan. 338, 601, 5 Pac. 321; *New York & N. E. Ry. Co.* v. *Board of Railroad Commissioners,* 162 Mass. 81, 38 N. E. 27; *Kirk* v. *Railway Co.,* 25 So. 463; etc., etc. While the precise point was not involved in *Simpkins* v. *Columbia & G. R. R. Co.,* 20 S. C. 258, that case was decided on the same principle."

Order appealed from reversed.

MR. CHIEF JUSTICE GARY, *dissenting.* The sole object of the plaintiff's action, is to obtain a permanent injunction. In such cases, the rule is thus stated in *Cudd* v. *Calvert,* 54 S. C. 487: "Where the action is brought solely for the purpose of obtaining an injunction, and where if the facts alleged in the complaint are found to be true, a proper case for injunction would be presented, it is error to dissolve a temporary injunction upon a mere motion, heard upon affi-

davits, as that would deprive the plaintiff of his legal right to have the facts determined in the mode prescribed by law, instead of by affidavits. A most unsatisfactory mode of eliciting truth. Indeed, the practical result in a case like this, would be to dismiss the complaint upon a mere motion heard upon affidavits, without any opportunity being afforded the plaintiff, to have the facts upon which he bases his claim for relief, determined in the mode prescribed by law."

I therefore dissent.