13764

LOOPER v. CITY OF EASLEY *ET AL.*

(172 S. E., 705)

Before SHIPP, J., Pickens, January, 1932.

*Messrs. B. F. Martin, Sam.B. Craig* and *W. C. Mann,* for appellant,

*Messrs. J. D. Wyatt* and *Blythe & Bonham,* for respondents,

February 2, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

Referring to an alleged contract made by and between him and the defendants in this action, whereby the defendants were to furnish the plaintiff electric current for his ginnery, mills, and buildings, situate without, but contiguous to, the corporate limits of the City of Easley, the gist of the complaint, which we are called upon to consider, is declared in the fourth, fifth, and sixth paragraphs thereof. The fourth and fifth paragraphs, in full, are as follows:

"IV. That heretofore the said defendants, said city in pursuance of its statutory and its general power and in furtherance of its corporate objects, furnishing water, light and power, acting through the proper officials thereof entered into a contract with the plaintiff to furnish said plaintiff electric current from said Water and Light Plant of said city for lighting and manufacturing purposes, upon terms, rights and charges fixed by agreement between the

parties and that the said plaintiff paid valuable consideration therefor and carried out his part of the agreement.

"V. That by said agreement entered into by the City of Easley and the other defendants, after the threatened destruction of plaintiff's plant by fire caused by lightning coming in over the wires of said defendants, they agreed with plaintiff, in consideration of money paid, or to be paid by him, to furnish same by means and appliances (lightning arresters, etc.), that would provide reasonable protection in the future against lightning if he would continue to take the service; plaintiff carried out his part of the agreement and for some months continued to take the service at a cost of about $200.00 per month, or a total of $450.00 after this agreement.

"And that defendants with full knowledge of said agreement and the terms thereof, received this compensation under the above entire agreement and retained same, never offering to return same or any part thereof, either before or after the destruction of plaintiff's property by fire as herein set out."

In the sixth paragraph, which is quite lengthy, the plaintiff alleged, in substance, that the defendants breached their contract by failing to furnish and maintain, in proper condition, necessary appliances and apparatus, for the purpose of transmitting the electric current, and, as a result of such breaches, during a thunderstorm, the lightning came over the wires of the defendants, entered the buildings of the plaintiff, set fire thereto, and caused a disastrous conflagration, burning and destroying almost all of the property described in the complaint, to the damage of the plaintiff in the sum of $17,000.00.

A demurrer was sustained, and the complaint dismissed, by his Honor, Judge Shipp. He held that, if the allegations of the complaint were to be construed to allege a cause of action in tort, then the action could not be maintained.

Considering the action, however, as one on contract, and

for the breach thereof, the learned Circuit Judge held as follows:

(1) That the damages claimed, as set forth in the sixth paragraph, were not such as proximately arise from a breach of the contract declared upon.

(2) That the contract, as declared in Paragraph 5 was *ultra vires,* and the action could not be maintained under Section 7300 of the Code, as the law there enacted does not authorize municipal corporations to enter into contracts practically to insure property for which electric current is supplied.

(3) That the facts alleged in Paragraph 5 did not show an additional payment was made by the plaintiff as consideration for the agreement alleged therein, or that any other amount was paid by him, other than was paid for the current under the original contract, and the allegations are insufficient, if true, to create an estoppel on the part of the defendants to plead *ultra vires.*

As we understand the positions of the appellant, the holding that the action could not be maintained, if it is one sounding in tort, is not challenged. If we are mistaken as to that, however, we may say that that particular holding is correct, for we know of no constitutional or statutory authority making liable a municipality for a tort as to any of the things alleged in the complaint, and, without legislative authority so declaring, clearly a municipality is not liable for a tort of such character. See *Irvine v. Town of Greenwood,* 89 S. C., 511, 72 S. E., 228, 36 L. R. A. (N. S.), 363, and *Reeves v. City of Easley,* 167 S. C., 231, 166 S. E., 120.

Although it seems to us that the allegations of the complaint are such as to set up an action in tort more than one in contract, we consider it as declaring on the latter theory. Without the necessity of determining the question raised as to the first holding of the Circuit Judge as to damages, we think it is clear, under our decisions, that his second and third holdings were correct.

The decision of the necessary matters to be determined turns upon the construction of the language of Section 7300 of the Code, for that section alone is pointed out as giving legislative authority to sustain the action. The section is as follows:

"All cities and towns in this State owning water and light plants are hereby authorized and empowered, through the proper officials of the said city or town, to enter into contract with persons, firms or corporations without the incorporate limits but contiguous thereto, to furnish said persons, firm or corporation electric current or water from said water and light plant of said city, and to furnish the same upon such terms, rates and charges as may be fixed by the contract or agreement between the parties in this behalf, either for lighting or for manufacturing purposes, when in the judgment of said city or town council it is for the best interest of the municipality so to do.

"No such contract shall be for a longer period than two years, but may be renewed from time to time for a like period."

There is no distinction in this State between the private and governmental functions of municipalities. *Farrow v. City Council of Charleston,* 169 S. C., 373, 168 S. E., 852, and *Irvine v. Town of Greenwood, supra.* The furnishing of water and electric current, for use without the incorporate limits of municipalities, is as much a governmental function of the municipality as the furnishing of water and current to the inhabitants of the municipality. The main difference is that the municipal authorities may be required to furnish the inhabitants of the municipality, while they may not be forced to furnish those living beyond the limits of the municipality. *Childs v. City of Columbia,* 87 S. C., 566, 70 S. E., 296, 34 L. R. A. (N. S.), 542.

We find nothing in the language of Section 7300 which could be construed as giving a municipality any right, power, or authority to contract as an in-

surer against damage by fire, lightning, or from any other cause, or to contract that the electric current furnished would be safely supplied. If the officials of the City of Easley so contracted with the plaintiff, such contract, on their part, was *ultra vires*. See *Black v. City of Columbia,* 19 S. C., 412, 45 Am. Rep., 785, and *Luther v. Wheeler,* 73 S. C., 83, 52 S. E., 874, 4 L. R. A. (N. S.), 746, 6 Ann. Cas., 754.

If the officials of the municipality of Easley contracted with the plaintiff to protect his property from fire, resulting from lightning or other cause, or to insure his property from destruction by fire occasioned by defective electric appliances, or agreed to impose any liability upon the municipality for the failure of the municipality so to do, there could be no estoppel of the city, and the officials thereof, to set up the defense of *ultra vires* as to any such contract. See *Farrow v. City Council of Charleston, supra,* and cases there cited.

The order of the Circuit Judge, sustaining the demurrer, must be affirmed, and it is so ordered.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.