### SELDOVIA PUBLIC UTILITIES DIST. v. COOK INLET PACKING CO.

### SELDOVIA PUBLIC UTILITIES DIST. v. ALASKA YEAR ROUND CANNERIES CO.

Nos. 4399, 4400.

United States District Court
D. Alaska, Third Division.

Feb. 13, 1951.

eration of the relinquishment of their joint water rights in Brooks Creek, which plaintiff developed as a source of water supply; whereas plaintiff contends that the alleged agreement is void because it was not affirmatively approved by its Board of Directors and for the further reason that plaintiff is not empowered to abdicate or bargain away its rate fixing power and that, therefore, the increase in the rate from $75 a year to $288, for the Cook Inlet Packing Company, and $360 for the Alaska Year Round Canneries Company, by the resolution adopted November 8, 1946, plaintiff's Exhibit No. 1, was within its power.

It appears that plaintiff was organized as a public utility district pursuant to the provisions of Chapter 71, S.L.A.1935, Section 49–2–1 et seq., A.C.L.A.1949, for the purpose of supplying the town of Seldovia, in which defendants' canneries are situated, with water; that it constructed a dam across Brooks Creek, impounded the waters thereof, installed a distribution system and fixed rates, including the rate of $75 for each defendant. At the trial the defendants relied on their exhibits "A" and "B" to prove the alleged agreement. However, an examination of exhibit "A" discloses that it is undated and unsigned by either defendant although signed by Hulburt as President of plaintiff, is wholly lacking in mutuality and amounts to no more than an admission by Hulburt that the defendants have a joint right in the waters of Brooks Creek. Exhibit "B" likewise is undated. It is agreed, however, that both of these documents were prepared in 1938. Moreover, exhibit "B" is a carbon copy and the failure to produce the original was not accounted for. It bears the signature of Hulbert and that of the President of the defendant Alaska Year Round Canneries Company and is substantially identical with exhibit "A". Its only purpose appears to be to clarify that exhibit by an endorsement which incidentally is in original type, thus warranting the inference that it was typed subsequently and provides that the "seasonal cost to the cannery corporation signing this agreement for water" shall not exceed $75 a year.

McCutcheon & Nesbett, Anchorage, Alaska, Robert E. McNealy, Fairbanks, Alaska, for plaintiff.

Plummer & Arnell, Anchorage, Alaska, John E. Manders, Anchorage, Alaska, for defendants.

FOLTA, District Judge.

By the foregoing actions, which have been consolidated for trial, plaintiff seeks to recover $213 and $285 from the defendants Cook Inlet Packing Company and Alaska Year Round Canneries for water furnished for the year 1946.

Defendants contend that plaintiff agreed in 1938 to supply them with water at the rate of $75 a year indefinitely, in consid-

Plaintiff contends that the agreement embodied in exhibit "B" is void because it was not affirmatively approved by three members of the Board of Directors of plaintiff, as required by Section 49–2–2, A.C.L.A.1949, and points not only to the lack of any evidence of such approval in its minutes but also to the minutes of the meetings of October 17, 1938, April 30, 1939 and October 22, 1939, plaintiff's exhibits Nos. 3, 4 and 5 respectively, showing that at the first meeting a proposed contract submitted by the defendants relating to their water rights, was tabled; that at the second and third meetings a similar proposal was in each instance referred to plaintiff's attorneys. Owing to a change in the directorate, the absence of office space and the lack of finances to such an extent as to require the Directors to do the maintenance work on the system without pay, it appears that the records of plaintiff, other than those constituting the minutes, have not been kept in an orderly or systematic fashion or at any one place, and are therefore either incomplete or unavailable, and hence plaintiff was unable to show what advice was given by its attorneys or the action taken thereon. In view of these circumstances, I am not disposed to draw any inference unfavorable to the plaintiff from its failure to produce further evidence, particularly in view of my conclusion that the defendants cannot prevail, because, whether it is assumed that the agreement was embodied in exhibit "B" or was oral and was subsequently approved or ratified, in either case there is no proof of its duration. It appears to be well settled that where no time limit is fixed in an agreement of this kind, it is terminable at will. City of Milwaukee v. City of West Allis, 217 Wis. 614, 258 N.W. 851; Childs v. City of Columbia, 87 S.C. 566, 70 S.E. 296, 34 L.R.A.,N.S., 542; Benwood-McMechen Water Company v. City of Wheeling, 121 W.Va. 373, 4 S.E.2d 300; Risely v. City of Utica, C.C., 179 F. 875; 10 McQuillin, Municipal Corporations, Section 29.100, 1 Williston 104.

I am of the opinion, therefore, that the agreement between the defendants and the plaintiff was lawfully terminated and that, since the power to fix rates for water exists by necessary implication, the rates established by the resolution of November 8, 1946, are valid.