## 21023

ABBEVILLE ARMS, Respondent, v. CITY OF ABBEVILLE and Manley J. Horton as Representative of a Class, Respondents, of which City of Abbeville is appellant.

ABBEVILLE ARMS, Respondent, v. CITY OF ABBEVILLE and Manley J. Horton, as Representative of a Class, of which Manley J. Horton, as Representative of a Class is Appellant.

(257 S. E. (2d) 716)

*Harold P. Threlkeld,* of *McIntosh, Threlkeld, Glenn & Sherard,* Anderson, *for Manley J. Horton, as Representative of a Class.*

*Robert L. Hawthorne, Jr.,* Abbeville, *for City of Abbeville.*

*Frank E. Robinson, II,* of *Lewis, Lewis, Robinson & Arnold,* Columbia, and *Thurmond Bishop,* of *Bishop & Hughston,* Greenwood, *for respondent.*

August 2, 1979.

*Per Curiam:*

This appeal is brought from a lower court order directing the City of Abbeville to issue respondent a building permit for the construction of a multifamily housing project and to provide the necessary municipal services to which respondent is entitled. We affirm.

In early 1977, respondent obtained an option to purchase certain real property located within the corporate limits of the City of Abbeville. This option was obtained with the intent of constructing a multi-family housing project and was subject to proper zoning. Respondent subsequently reviewed the Abbeville Zoning Ordinance, including the Official Zoning Map, and obtained a letter from the City Zoning Administrator, all of which confirmed that the subject property was zoned R-6 High Density Residential. That zoning

would allow the construction of the proposed multi-family housing project.

In reliance on the Abbeville Zoning Ordinance, Official Zoning Map, and the letter from the City Zoning Administrator, respondent expended between $90,000.00 and $100,-000.00 for property acquisition, architectural and engineering fees, loan commitments and other development costs. On or about August 17, 1978, respondent applied for a building permit from the City of Abbeville. On August 22, 1978, the Abbeville City Council adopted a resolution declaring that through "inadvertence, mistake, or oversight" the "Official Zoning Map", which was adopted in 1971, was made up defectively and that the subject property is now and always has been zoned R-8 Medium Density Residential. That zoning would not allow the proposed multi-family housing project. The Abbeville City Council also ordered the Official Zoning Map revised to reflect the correction.

On August 23, 1978, respondent's application for a building permit was denied on the basis that the uses allowed under the corrected R-8 Medium Density Residential zoning did not include the proposed multi-family housing project. Respondent then instituted this civil action. After a hearing, the lower court ruled that the City of Abbeville was estopped by its representations and actions from denying respondent the building permit.

The City of Abbeville and Manley J. Horton, as a representative of a class of residents of the area surrounding the subject property, have appealed, first alleging that the lower court erred in holding that a municipality can be estopped by the erroneous representations of its officers, agents, zoning ordinance and Official Zoning Map.

This Court has previously recognized that estoppel will not lie against a governmental body for the unauthorized acts of its officers and agents. *Looper v. City of Easley,* 172

S. C. 11, 172 S. E. 705 (1934) ; *Farrow v. City Council of Charleston,* 169 S. C. 373, 168 S. E. 852 (1933). However, this doctrine does not provide immunity for the governmental body where its officers or agents were acting within the proper scope of their authority. *Townes v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976) ; *Farrow v. City Council of Charleston, supra.* In the instant case, it is clear that the Abbeville City Council was acting within the scope of its authority in enacting a zoning ordinance, including an Official Zoning Map. [*Generally see* S. C. Code §§ 5-5-10 *et seq.,* 5-7-10 *et seq.,* 5-23-10 *et seq.* (1976)]. Additionally, there is no evidence whatsoever that the City Zoning Administrator was acting outside the scope of his authority in issuing the letter confirming that the property was zoned R-6 High Density Residential on the Official Zoning Map. It would then follow that under the instant circumstances, the City of Abbeville is not immune from application of the doctrine of estoppel.

There are three essential elements necessary to invoke the doctrine of estoppel. *South Carolina State Highway Dept. v. Metts,* 270 S. C. 73, 240 S. E. (2d) 816 (1978) ; *Crescent Company, Inc. v. Insurance Co. of N. A.,* 266 S. C. 598, 225 S. E. (2d) 656 (1976). First, the relying party must have a lack of knowledge and of the means of knowledge of the truth as to the facts in question. In the instant case, respondent checked the zoning ordinance, including the Official Zoning Map, which indicated the property was zoned R-6 High Density Residential. This zoning was confirmed through correspondence with the City Zoning Administrator. It should be noted that Article III of the Abbeville Zoning Ordinance provides, *inter alia,* ". . . the Official Zoning Map . . . shall be the final authority as to the current zoning status of land . . . in the City." Thus, it is clear that the defect was latent and that respondent lacked knowledge and the means of knowledge as to its existence. This conclusion is further bolstered by the fact that even the City Zoning

Administrator was, as is indicated by his letter confirming the zoning to be R-6 High Density Residential, unaware of the defect in the Official Zoning Map.

The second essential element necessary to invoke the doctrine of estoppel is reliance upon the conduct of the party estopped. The City of Abbeville concedes in its brief that respondent relied upon the zoning ordinance, Official Zoning Map and the letter from the City Zoning Administrator; thus, this element need not be examined further. The third and final element requires action, on the part of the relying party, based thereon of such a character as to constitute a prejudicial change of position. In the instant case, respondent has expended between $90,000.00 and $100,000.00 in preparation of the project. The record before this Court reflects that a large portion of these expenditures is not recoverable if the project fails. This clearly demonstrates a prejudicial change of position.

Accordingly, we conclude that the essential elements of estoppel are present and that the City of Abbeville is thus estopped from denying respondent the building permit on the basis of the corrected zoning.

The City of Abbeville's second exception challenges the validity of the process through which it adopted the current zoning ordinance and Official Zoning Map. An identical attack was made upon the zoning ordinance of the Town of Eau Claire in *Kerr v. City of Columbia,* 232 S. C. 405, 102 S. E. (2d) 364 (1958). For the reasons set forth in this Court's opinion in that case, we reject appellant's attempted collateral attack on the validity of its own ordinance.

The remaining exceptions taken by Appellant Horton are rejected as the record indicates they were either expressly waived or not raised in the lower court and, as such, are not properly presented on appeal. *See* 3 West's S. C. Digest, *Appeal and Error,* Key No. 169.

Accordingly, the judgment of the lower court is affirmed.