2034

Cecilia CALCATERRA and Ronald Calcaterra, Appellants
v. CITY OF COLUMBIA, Respondent.

(432 S.E. (2d) 498)

Court of Appeals

*S. Jahue Moore*, of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor*, West Columbia, *for appellants*.

*James S. Meggs* and *Roy D. Bates*, Columbia, *for respondent*.

Submitted May 10, 1993.

Decided June 21, 1993.

*Per Curiam:*

The circuit court reversed the order of the magistrate and held that the City of Columbia did not violate the

South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. Sections 39-5-10 et seq. (1976), and did not breach its contract with the Calcaterras in charging them more for water than it charged residents within the corporate limits. The Calcaterras appeal. We affirm.[1]

The Columbia City Council sets the water rates to be charged. It is undisputed that the rate charged nonresidents is higher than that charged residents.

The State Constitution vests Columbia with the right to acquire and operate public utilities, including water service. S.C. Const. art. VIII, § 16; S.C. Const. of 1895, art. 8, § 5 (right to furnish water for reasonable compensation). This right may be further implemented by legislation, but it may not be withdrawn or limited. *F.W. Sossamon v. Greater Gaffney Metropolitan Utilities Area*, 236 S.C. 173, 113 S.E. (2d) 534 (1960) (city's right to operate waterworks could not be limited by requiring it to join with all facilities in the area and to turn over the balance of revenues to the county after paying its cost of construction, maintenance, and service charges; city has no duty to sell surplus water to those outside the city). The furnishing of water to residents and nonresidents is a governmental function, and the State makes no distinction between the proprietary and governmental functions of municipalities. *Looper v. City of Easley*, 172 S.C. 11, 172 S.E. 705 (1934), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E. (2d) 741 (1985) (abolishing sovereign immunity). The Supreme Court has held that the municipal governing body in setting rates for services outside the corporate limits is to be guided by the best interests of the municipality and has an obligation to sell surplus water for the highest price obtainable. *Childs v. City of Columbia*, 87 S.C. 566, 70 S.E. 296 (1911) (nonresident alleged a charge of four times that charged residents was excessive and exorbitant).

South Carolina Code Ann. § 5-7-60 (1976) provides:

> Any municipality may perform any of its functions, furnish any of its services . . . and make charges therefor . . . in areas outside the corporate limits of such municipality by contract with any individual. . . .

---

[1]Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

South Carolina Code Ann. § 5-31-1910 (1976) provides:

> Any city or town in this State owning a water or light plant may, through the proper officials of such city or town, enter into a contract with any person without the corporate limits of such city or town but contiguous thereto to furnish such person electric current or water from such water or light plant of such city or town and may furnish such water or light upon such terms, rates and charges as may be fixed by the contract or agreement between the parties in this behalf . . . when in the judgment of the city or town council it is for the best interest of the municipality so to do.

Section 1 of Act No. 474, 1971 S.C. Acts 877, states:

> The City of Columbia in Richland County shall not make a charge for water to residents outside the city limits of more than double that of residents inside the city limits.

South Carolina Code Ann. § 39-5-40(a) (1976) provides that nothing in the SCUPTA shall apply to:

> Actions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or the United States or actions or transactions permitted by any other South Carolina State law.

Under this body of law, we find no violation of the SCUPTA in Columbia's charging nonresidents a higher rate for water than it charges its residents. We agree with appellants that every contract carries an implied covenant of good faith and fair dealing, but we find no violation of the implied covenant and no breach of contract as Columbia only agreed to sell water to the appellants at published rates established by ordinance, and has no duty to sell water to nonresidents at the same rate it furnishes water to its residents.

Affirmed.