**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Town of Lexington, Respondent,

v.

Patty Cox Wingard, as Trustee for PLCW Trust, and Scott's Furniture Company, Inc., Appellants.

Appellate Case No. 2020-001043

―――――――――

Appeal From Lexington County
Alison Renee Lee, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2023-UP-003
Submitted November 1, 2022 – Filed January 4, 2023

―――――――――

**AFFIRMED**

―――――――――

James Edward Bradley and Sierra Danielle Carini, both of Moore Bradley Myers, PA, of West Columbia, for Appellants.

Adam Tremaine Silvernail, of Law Ofc. of Adam T. Silvernail, of Columbia, and Bradford T. Cunningham, of Lexington, both for Respondent.

―――――――――

**PER CURIAM:** Patty Cox Wingard, as Trustee of the PLCW Trust, and Scott's Furniture Company, Inc. (Scott's) appeal the decision of the circuit court declaring

the Town of Lexington (the Town) had the right to terminate water service to property owned by Wingard and leased by Scott's if Wingard refused to agree to the annexation of the property. On appeal, Wingard argues the circuit court erred by (1) ruling the term "heirs and assigns" was not a term of duration that obligated the Town to provide water service to the heirs and assigns of Henry Wingard; (2) determining the term "heirs and assigns" was not ambiguous and not interpreting the term in favor of the heirs of Henry Wingard; and (3) failing to require that the Town return title to the two-inch water main to Wingard. We affirm.

We hold the term "heirs and assigns" is unambiguous and is not a term of duration. *See Blackmon v. Weaver*, 366 S.C. 245, 249, 621 S.E.2d 42, 44 (Ct. App. 2005) ("On appeal from an action at law that was tried without a jury, the appellate court can correct errors of law, but the findings of fact will not be disturbed unless found to be without evidence which reasonably supports the judge's findings."); *S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation."); *id.* at 623, 550 S.E.2d at 302-03 ("It is a question of law for the court whether the language of a contract is ambiguous."); *Heir*, *Black's Law Dictionary* (11th ed. 2019) (defining "heirs and assigns" as a "term of art formerly used to create a fee simple"). Therefore, we hold the October 1961 agreement between Henry Wingard and the Town was terminable at will by either party upon reasonable notice. *See Carolina Cable Network v. Alert Cable TV, Inc.*, 316 S.C. 98, 101, 447 S.E.2d 199, 201 (1994) ("Historically, perpetual contracts have not been favored in South Carolina and are generally upheld only where the perpetual nature of the agreement is an express term of the contract."); *Childs v. City of Columbia*, 87 S.C. 566, 572, 70 S.E. 296, 298 (1911) ("Where the parties to a contract express no period for its duration, and no definite time can be implied from the nature of the contract or from the circumstances surrounding them, it would be unreasonable to impute to the parties an intention to make a contract binding themselves perpetually."); *id.* ("[T]he only reasonable intention that can be imputed to the parties is that the contract may be terminated by either[,] on giving reasonable notice of his intention to the other."). Finally, because the Town did not rescind the agreement, Wingard is not entitled to the return of the title to the two-inch water line. *See Ellie, Inc. v. Miccichi*, 358 S.C. 78, 95, 594 S.E.2d 485, 494 (Ct. App. 2004) ("Rescission is an abrogation or undoing of [a contract] from the beginning, which seeks to create a situation the same as if no contract ever had existed." (alteration in original)).[1]

---

[1] Additionally, we note the "heirs and assigns" language was included only in the October 1961 agreement, not the September 1961 agreement. The circuit court

**AFFIRMED.**[2]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

found Scott's Furniture was served by the six-inch main referenced in the September agreement, and Wingard has not challenged this finding. *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.