**ST. PAUL HOSPITAL AND CASUALTY COMPANY and Mutual Benefit Health and Accident Association, Appellants,**

v.

**Walter HELSBY, Appellee.**

No. 16886.

United States Court of Appeals Eighth Circuit.

June 30, 1962.

Donald B. Smith, of Randall, Smith & Blomquist, St. Paul, Minn., for appellants; John P. Vitko, St. Paul, Minn., and Hugh V. Plunkett, Jr., Austin, Minn., on the brief.

Irvin E. Schermer, of Schermer & Gensler, Minneapolis, Minn., for appellee.

Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.

### PER CURIAM.

Walter Helsby, plaintiff-appellee, instituted this action against the defendants-appellants to recover damages for breach of an agency contract, claiming that the appellants wrongfully, unlawfully and unjustifiedly breached the contract, to his damage in the amount of $400,000. The case was tried to a jury, which found in favor of the appellee and assessed his damages at $156,000. In considering a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, the District Court first denied the motion for judgment notwithstanding the verdict. As to the alternative motion for a new trial, the District Court denied it also, but with the provision that within thirty days thereof the appellee enter a remittitur to the extent of $101,000. Appellee consented to the remittitur, thus reducing the jury verdict from $156,000 to $55,000. Thereupon appeal was taken to this court.

In denying appellants' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, the District Judge wrote a carefully detailed and fully considered opinion, Helsby v. St. Paul Hospital & Casualty Co. et al., 1961, 195 F.Supp. 385. We believe that each of appellants' points or claimed errors which might possibly present any substance whatsoever has been meticulously covered by Judge Henley in his published opinion. To restate the facts indicated by the record here, to rephrase the issues of law and rewrite Judge Henley's conclusions, with which conclusions we fully concur, would serve no useful purpose. We have carefully considered each error claimed by the appellants and find no merit therein.

The very most that can be said for the appellants' contentions is that they may have raised doubtful questions of state law. We have said many times that the rule is not whether the trial court reached a correct conclusion as to a doubtful question of state law, but whether it reached a permissible one. Homolla v. Gluck, 8 Cir., 1957, 248 F.2d 731, 733–734, and cases discussed therein. We have applied the rule where a district judge is deciding a doubtful question of the law of another state, Luther v. Maple, 8 Cir., 1958, 250 F.2d 916, 922; Perfection Oil Co. v. Saam, 8 Cir., 1959, 264 F.2d 835, 839–840, as well as where an assigned judge (as here) is determining doubtful questions as to the law of the jurisdiction to which he has been assigned. Village of Brooten v. Cudahy Packing Co., 8 Cir., 1961, 291 F.2d 284, 289.

Being convinced of the correctness of Judge Henley's conclusions, we affirm on the basis of his opinion.