162 So.2d 535 (1964)
Gerald ROBINS, Petitioner,
v.
The FLORIDA REAL ESTATE COMMISSION and Joseph Condermann, Respondents.
No. 63-788.
District Court of Appeal of Florida. Third District.
March 31, 1964.
Zinn & Fine, Miami, for petitioner.
Benjamin T. Shuman and Frank A. Wilkinson, Winter Park, for respondents.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
BARKDULL, Chief Judge.
The petitioner, Gerald Robins [a real estate broker] seeks review of an order of The Florida Real Estate Commission denying his motion to quash an information in proceedings against him.
*536 The petitioner's motion to quash basically raised three points, which are preserved for review on this appeal, to wit:
1. The insufficiency of the allegations of the information charging a violation of Ch. 475, Fla. Stat., F.S.A., as a matter of law.
2. Legal questions as to the constitutionality of the provisions of § 475.30(1), Fla. Stat., F.S.A., requiring the filing of a sworn answer to the information, contending that this requirement constitutes a violation of the petitioner's constitutional rights against self-incrimination.
3. That the procedure provided by Ch. 475, Fla. Stat., F.S.A., relating to the revocation or suspension of the petitioner's license as a real estate broker, is unconstitutional in that it does not afford him a jury trial.
As to the first point, we hold the allegations of the information are insufficient to inform the petitioner of the nature of the charges brought against him, and quash the information. The information, in the instant case, contains four counts charging the appellant as follows:
"COUNT ONE
"(1) In 1960, 1961 and 1962, defendant Gerald Robins, as president and broker active firm member of Dynamic Development Corporation, was employed to sell lots and parcels of real estate within various subdivisions located throughout the State of Florida by the various and divers owners thereof.
"(2) During such times, defendant Gerald Robins, in such capacity, published or caused to be published outside of Florida, false and misleading information by means of printed matter for the purpose of causing or inducing other persons to purchase such real estate as aforesaid.
"(3) The printed matter consisted of a series of news letters described as digests that were individually represented by the defendant to be the only report of its kind consisting of statistics, opinions, special reports, analyses and recommendations of experts concerning the right area, the right time and the right price to purchase real estate in Florida. The representations of defendant were contained in a separate printed card and a separate printed letter for each series and a separate series was printed for each owner and carried a different name. One series was entitled `Florida Land Investors Digest' and was published to cause or induce other persons to purchase lots or parcels in the subdivisions Country Club Village, Boca Raton, Florida, and Placid Lakes, Lake Placid, Florida. Another such series was known as the `Prudential Land Letter' and was published to cause or induce other persons to purchase lots or parcels in the subdivisions West Daytona Acres, Volusia County, Florida, and University Heights, Volusia County, Florida.
"(4) Each series not only was not the only publication of its kind but they did not consist of statistics, opinions, special reports, analyses and recommendations of experts concerning real estate in Florida as represented but consisted merely of the printed words of an advertiser employed by defendant Gerald Robins to create an interest or induce persons to purchase real estate in the respective subdivisions to which they pertain. Wherefore defendant Gerald Robins has been guilty of false advertising in violation of Chapter 475, Florida Statutes.
"COUNT TWO
"Re-alleging all the matters and things set out in Paragraphs (1), (2) and (3) of Count One hereof and making them a part of this Count Two as if fully set out herein, plaintiff further alleges:
"That the aforesaid printed matter was printed by a duplicating process *537 producing ten copies or more and that each aforesaid subdivision was divided for purposes of sale into more than twenty-five lots or parcels and defendant Robins did not, before publishing the same, first file the information with the Florida Real Estate Commission, all in violation of Chapter 475, Florida Statutes.
"COUNT THREE
"(1) In 1962, defendant Gerald Robins was employed to sell real estate consisting of lots and parcels of twenty-five or more in a subdivision located in Osceola County, Florida, known as Canaveral West.
"(2) In 1962, defendant Robins published or caused to be published information for the purpose of causing or inducing other persons to purchase such real estate.
"(3) The information published consisted of printed matter printed by a duplicating process producing ten copies or more and was published outside the State of Florida.
"(4) Defendant Gerald Robins did not first file the information with the Commission before publication thereof as aforesaid, all in violation of Chapter 475, Florida Statutes.
"COUNT FOUR
"Re-alleging all the matters and things set out in Counts One, Two and Three hereof and making them a part of this Count Four as if fully set out herein, plaintiff further alleges:
"That by reason of the foregoing defendant Robins is guilty of a course of conduct or practices which show that he is so incompetent, negligent, dishonest and untruthful that the money, property, transactions and rights of investors or those with whom he may sustain a confidential relation may not safely be entrusted to him, all in violation of Chapter 475, Florida Statutes."
* * * * * *
While it is true that an information in an administrative proceeding need not be stated with the technical nicety or formal exactness required of pleadings in the court, the charges should be specific, informing the accused with reasonable certainty of the nature and cause of the accusation against him so as to be given reasonable opportunity to defend against those charges. See: State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147; State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 170 So. 311; 1 Fla.Jur., Administrative Law, § 116. In the instant case, the information charges the petitioner with an alleged course of conduct over a period of three years without stating, with any degree of exactness, when or in what specific manner he has violated the provisions of Ch. 475, Fla. Stat., F.S.A. To expect the petitioner to review his acts for a period of three years in an effort to ascertain which of them may constitute a violation of Ch. 475, Fla. Stat. [thereby enabling him to defend against the information filed against him], certainly does not specifically inform him with reasonable certainty of the nature and cause of the accusation against him.
As to the second point, the provisions of § 475.30(1) Fla. Stat., F.S.A., requiring the filing of a sworn answer, do not constitute a violation of the petitioner's constitutional rights against self-incrimination. The proceedings involved are not criminal.[1] but administrative in nature, and there is no violation of constitutional rights because of the requirement that the information be met with a sworn answer.
Neither do we find any merit in the third contention; that the petitioner was entitled to a jury trial. This proceedings *538 was not a judicial proceedings governed by the ordinary constitutional protections relative to jury trials. This was as administrative action brought under a statute unknown at common law. See: J.B. Green Realty Co., Inc. v. Florida Real Estate Commission, 130 Fla. 220, 177 So. 535; 1 Fla.Jur., Administrative Law, § 54. There is no requirement in the statutes nor in the case law requiring the determination of issues in an administrative hearing before a jury, and the petitioner has not been able to point to any authority for this proposition. This cause could have been determined solely on the first point involved but, because there may be further proceedings instituted by the respondent, we have commented on the remaining points urged by the petitioner.
Therefore, we hereby quash the order denying the motion filed by the petitioner, with directions to the respondent to quash the information.
NOTES
[1] Ahern v. Florida Real Estate Commission ex rel. O'Kelley, 1942, 149 Fla. 706, 6 So.2d 857.