CHARLES CARROLL, Chief Judge.
The Florida Real Estate Commission filed a three count information against the petitioner, in a proceeding for license revocation or suspension.
The petitioner filed a sworn answer as required, and with it filed a motion to quash the information. The Order of the board denying the motion to quash is presented here for review on certiorari.
*470 The first count alleged that on October 4, 1965, the petitioner Bruce Kozerowitz obtained a registration certificate as a real estate salesman, in the employ of Dynamic Development Corp.; that the certificate expired a year later, on September 30, 1966, and that on his application for renewal on February 1, 1967, the petitioner (defendant below) answered “no” to the question, “Have you ever gone under, or been generally called by, or have you ever done business under, any other name, or alias than the one signed in the affidavit below?” It was then alleged that the petitioner previously had gone by and done business under the name of “Bruce Kaye,” and, as a conclusion, it was stated: “Wherefore, the defendant did obtain his registration by means of misrepresentation and concealment in violation of Subsection 475.25 (2) Florida Statutes.”
The subsection of the statute there referred to permits revocation of registration “if such registration, or a certificate issued thereon, is found to have been obtained by the registrant by means of fraud, misrepresentation or concealment.”
That count fails to show that the incorrect or false answer to the question as to use of another name (which the law does not prohibit when used for proper purposes) was the basis or cause of the issuance of the renewal certificate. There is no allegation that the renewal would not have been issued if the fact of use of another name on some prior occasion or occasions had been disclosed. In the absence of such an allegation, or a showing or allegation of some established policy or regulation which would preclude a registrant who previously had used another name from being entitled to obtain a renewal certificate, the count makes no sufficient showing that the renewal certificate was “obtained” by or because of the concealment of that fact; and the statement that it was, as an unsupported conclusion, did not serve to cure that material defect in the count.[1]
An analogy is shown in the law relating to insurance policies. Section 627.01081 of the Insurance Code (Ch. 627 Fla.Stat., F.S. A.), which deals with representations in applications for insurance, provides: “Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either: (1) Fraudulent; or (2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or (3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued the policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.” And see Home Insurance Company v. Drescher, Fla.App.1968, 210 So.2d 451.
The substance of the allegations of the second count was that the appellant was guilty of a violation of § 475.25(1) (d) Fla. Stat., F.S.A., for having operated as a real estate salesman during the period between expiration of his annual certificate on September 30, 1966, and the time he applied for renewal on February 1, 1967.
Count three charges a violation of § 475.25(2), alleging issuance of petitioner’s renewal certificate was obtained by fraud in that on his application for renewal made on February 1, 1967, contrary to fact, he denied that he had operated as a real estate salesman during the expiration period involved. The distinction between this count and the first count, as to sufficiency, is that the matter concealed here was something *471 prohibited by § 475.25(1) (d), and which was separately charged as a violation of the statute in count two. For that reason it can be assumed, in support of count three, that the renewal certificate would not have been issued if the petitioner, in applying for it, had not denied operation as a salesman during the period in question.
The petitioner’s claim of insufficiency of counts two and three is based on his contention that because § 475.01 (4) provides that a registration remains in force for six months after expiration of the period of the last registration certificate, during which six months it may be renewed on request with payment of fee, he was entitled to operate as a real estate salesman without a current (license) certificate in the interval between the expiration of his certificate (September 30, 1966) and the time he applied for a renewal and paid a fee therefor (February 1, 1967). We must reject that contention, because the section of the statute there relied on contains express language to the contrary, wherein it states “but registration alone shall not entitle the registrant to operate as a broker or salesman.”
The brief of the respondent stresses the statutory language just mentioned, and argues correctly that under the act it is required that a broker or salesman have an annual certificate for which a fee is paid, and that one whose certificate has expired at the end of a license year is prohibited from operating in such capacity during the six months in which the registration continues, prior to filing of a proper application for renewal with payment of fee.
We have also considered two other points raised by the petitioner. One was a contention that the requirement of the statute for one charged with a violation thereunder to make sworn answer is a violation of his constitutional privilege against self-incrimination. The other was a contention that one so charged before the board is entitled to a jury trial. Those contentions were considered previously and rejected in Robins v. Florida Real Estate Commission, Fla.App.1964, 162 So.2d 535.
For the reasons stated we hold that the board ruled correctly in denying the motion to quash as to counts two and three of the information, but was in error in denying the motion to quash as to count one.
Accordingly, the order appealed from is affirmed in part and reversed in part, as and in the respects set out above, and the cause is remanded to the board for further proceedings.
It is so ordered.

. As to tlie need, in such a proceeding, for an offense proscribed by the statute to be sufficiently charged (notwithstanding the leeway allowed to the non-lawyer board members), see Hickey v. Wells, Fla.1956, 91 So.2d 206; State ex rel. Jordan v. Pattisball, 99 Fla. 296, 126 So. 147, where this was discussed and api>lied.