BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 219 So.2d 469. That decision has been certified by the District Court as passing on a question of great public interest, to wit:
“[W]hether, in a proceeding brought under Chapter 475 F.S. by the Florida Real Estate Commission for license revocation or suspension, the requirement of § 475.-30(1) that in order to defend by motion to quash or on the merits the defendant must file a sworn answer to the commissions’ (sic) charges, is in violation of the defendant’s constitutional rights against self-incrimination.”
The Florida Real Estate Commission filed a three count information against petitioner in a proceeding for license revoca-, tion or suspension. Petitioner’s motion to quash the information was denied by the Board and petitioner sought certiorari in the District Court.
The District Court held Count I materially defective. This holding is not questioned.
Count Two charged petitioner violated F.S. § 475.25(1) (d), F.S.A., by operating as a real estate salesman during the period between the expiration of his annual certificate on September 30, 1966, and the time he applied for renewal on February 1, 1967.
Count Three charged a violation of § 475.25(2), alleging issuance of petitioner’s renewal certificate was obtained by fraud in that on his application for renewal made on February 1, 1967, contrary to fact, he denied that he had operated as a real estate salesman during the expiration period involved.
The District Court held that the Board ruled correctly in denying the motion to quash Counts Two and Three of the information. These Counts were held sufficient.
The District Court, citing Robins v. Florida Real Estate Commission,[1] rejected petitioner’s contention that the requirement of F.S. § 475.30(1)[2], that one charged with *684 violation of the Act file a sworn or verified answer, violates his constitutional privilege against self-incrimination. The contention that one charged before the Board is entitled to a jury trial, was also found to be without merit.
We have considered the records, briefs and argument of counsel and find the decision of the District Court to be correct.
Accordingly, the writ is discharged.
It is so ordered.
DREW, THORNAL, CARLTON and ADKINS, JJ., concur.
ERVIN, C. J., dissents with opinion.
ROBERTS, J., dissents and agrees with ERVIN, C. J.

. 162 So.2d 535 (Fla.App.3rd 1964).

. “475.30 Answers, motions and defaults. — (1) The defendant named in an information shall file with the commission a verified answer thereto, and, if he be so advised, a motion to quash the information, on or before the date fixed in the notice required by § 475.26. The filing of an answer to the information shall waive any defect in, or objection to, the notice, or want of notice. The answer shall admit or deny each fact alleged, except more matters of inducement, or formal allegations, in the information, or avoid the effect thereof by a recital of the facts as defendant conceives them to be, and each issuable fact not denied in one of the manners aforesaid, shall be deemed to be admitted. No admission or allegation of the defendant made in an answer, motion or on the trial, shall he evidence against him in any civil or erim- *684 inal proceeding, except upon a trial of a charge of perjury against him. All allegations of an answer not admitted in tlie information shall be deemed denied by the plaintiff.” (e. s.)