ERVIN, Chief Justice
(dissenting):
I would answer the question certified to us in the affirmative. So far as F.S. Section 475.30(1), F.S.A., operates to subject petitioner, in a license revocation proceeding, to a forfeiture of the right to defend charges brought by the Commission as a means of compelling Petitioner to relinquish his privileges against self-incrimination, such procedure places an intolerable burden or penalty on the assertion of the Fifth Amendment privilege according to its interpretation by the Supreme Court of the United States. See plurality opinion in Spevack v. Klein (1967), 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574. The underlying rationale of the District Court of Appeal, Third District, in Robins v. Florida Real Estate Commission, 162 So.2d 535, to the effect the right against self-incrimination does not apply to non-criminal proceedings is clearly inconsistent with pronouncements in Spevack that the privilege secured by the Fifth and Fourteenth Amendments embraces the right of a person to remain silent in a case of this kind where his economic and professional status as a licensee is placed in jeopardy, unless he chooses to speak, and to suffer no “penalty” for exercising such right. The plurality opinion in Spevack interprets “penalty” as not restricted to fine or imprisonment but, rather, extending to “the imposition of any sanction which makes assertion of the Fifth Amendment privilege ‘costly.’ ” Spevack, supra, at 515, 87 S.Ct. at 628. I believe the procedure authorized by F.S. Section 475.30(1), F.S.A., falls within the proscriptions set out in Spevack.
ROBERTS, J., concurs.