289 So.2d 391 (1974)
Bruce KOZEROWITZ, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION and A.J. Stack, Appellees.
No. 40806.
Supreme Court of Florida.
January 16, 1974.
*392 Shalle Stephen Fine, Miami, for appellant.
Frank A. Wilkinson, Orlando, for appellees.
CARLTON, Chief Justice:
This case was filed in this Court as an appeal from an order of the District Court of Appeal, Third District, which denied a petition for writ of certiorari to the Florida Real Estate Commission. This Court does not have appellate jurisdiction of the case. Florida Constitution, Article V, Section 3(b)(1), F.S.A.; Florida Constitution, Article V, Section 4(2) (1968). However, while this case was pending here, we decided State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973), which directly conflicts with the decision here sought to be reviewed. We, therefore, treat the appeal as a petition for writ of certiorari. Florida Constitution, Article V, Section 3(b)(3); Florida Constitution, Article V, Section 4(2) (1968); see Florida Constitution, Article V, Section 2(a).
The Florida Real Estate Commission filed an information against petitioner in a proceeding for license revocation or suspension. Petitioner moved to quash the information, in part, on the ground that Florida Statutes, Section 475.30(1), F.S.A., violated his constitutional rights against self-incrimination by prohibiting him from defending against the information without first filing a sworn answer thereto. The motion to quash was denied, and petitioner sought certiorari in the District Court. The District Court found that the challenged statute was not unconstitutional, but it certified the question to this Court. This Court also upheld the statute in Kozerowitz v. Stack, 226 So.2d 682 (Fla. 1969).
Petitioner still refused to file a sworn answer to the information. Therefore, pursuant to statute, the allegations in the information were taken as true and the Florida Real Estate Commission entered a final order revoking petitioner's registration. Petitioner again sought certiorari review in the District Court, contending once more that Florida Statutes, Section 475.30(1), F.S.A., was unconstitutional. This statutory certiorari was denied by the District Court on the authority of our opinion in Kozerowitz v. Stack, supra. The District Court, therefore, held once again that the statute was constitutional, since it found no departure from the essential requirements of the law. This decision, when made, was certainly correct in view of Kozerowitz v. Stack, supra; however, the decision now conflicts with our holding in State ex rel. Vining v. Florida Real Estate Commission, supra, in which we receded from our earlier Kozerowitz opinion.
In Vining, we explained that Kozerowitz was based upon the premise that the self-incrimination clause of the Fifth Amendment extended only to proceedings criminal in nature. Our Vining opinion, however, concluded that the proscription against self-incrimination also applies to any administrative proceeding of a "penal" character. We held that a revocation or suspension hearing before the Florida Real Estate Commission is a proceeding of this nature, and we specifically held that Florida Statutes, Section 475.30(1), F.S.A., was unconstitutional to the extent that it required a defendant in a discipline proceeding before the Real Estate Commission to respond to the charges against him.
Therefore, certiorari is granted in this cause and the decision of the District Court of Appeal, Third District, is reversed. This cause is remanded to the District Court with directions that it be *393 further remanded to the Florida Real Estate Commission for any proceedings the Commission may now wish to commence in conformance with our opinion herein and in State ex rel. Vining v. Florida Real Estate Commission, supra.
It is so ordered.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.