295 So.2d 366 (1974)
REED-GAUTIER FUNERAL HOME, INC., a Florida Corporation, et al., Petitioners,
v.
STATE BOARD OF FUNERAL DIRECTORS AND EMBALMERS, State of Florida, Respondent.
No. 74-225.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Richard G. Taylor, Miami, for petitioners.
Robert L. Shevin, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., Tallahassee, for respondent.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is a petition for a writ of certiorari from an order entered by the respondent board suspending the petitioners' licenses, imposing a $500 fine and assessing costs of the administrative proceeding against them.
The complaint filed against the petitioners by the board alleged that the Reed-Gautier Funeral Home, Inc., and particularly petitioner, Henry L. Reed, Sr., had violated, inter alia, Fla. Stat. § 470.12(1)(g), F.S.A., and Rule 21J-7.03(b), *367 Florida Administrative Code, in that "on or about July 19, 1973, he did refuse to release a dead human body, one Curtis Joy Skinner, Sr., deceased, to Katherine H. Puccio and Curtis Joy Skinner, Jr., daughter and son, respectively, of the deceased, upon their request; and made the payment of money a condition for the release of the deceased Curtis Joy Skinner, Sr., to Katherine H. Puccio and Curtis Joy Skinner, Jr."
The facts pertinent to the charge and reflected by the evidence presented at an administrative hearing conducted by the board reveal that the deceased's son contacted the petitioner funeral home on July 16, 1973, the day his father died, by telephone from his home in California.
The son advised the petitioner, Reed, Sr., that he and his sister would fly from California on the day of the funeral, and Reed informed the son that the total cost of the funeral would be $495. The funeral home would have been reimbursed $250 from the Veterans Administration for the cost, with the family paying the balance. The cost reflected a minimal expense based on a no-asset demise.
Thereafter, in Miami, Reed met with the son and daughter just prior to the planned funeral services on July 19 and informed them that it was learned that their father had certain bank accounts totalling over $6,000, and he therefore was entitled to charge $1,000 for the funeral. The daughter strenuously objected to this increased charge and told Reed she would contact another funeral home and make other arrangements to have her father buried. To this, Reed responded that unless he was paid the $1,000, he would not release the body.
Mrs. Puccio then contacted her attorney, Susan Goldman, who also contacted Reed. She testified that Reed insisted upon payment of $895 before he would release the body.
Thereafter, a complaint was filed in circuit court on July 20, 1973 requesting an emergency hearing. A hearing was held before Circuit Judge James H. Earnest, who after ascertaining certain facts and placing a telephone call to Reed signed a court order to release the body without payment of any kind.
Mrs. Puccio was given a copy of the order by her attorney, and she proceeded to call the Van Orsdel Funeral Home, requesting them to meet her at the Reed-Gautier Funeral Home to receive the body. When she arrived at the petitioners' funeral home, Mrs. Puccio learned that Van Orsdel already had been there and had removed the body.
Based on the above facts, the board concluded that the petitioners had violated the statutes as charged and suspended Reed's personal license and the funeral home's operating license for twelve months; however, the suspensions were set aside on a day-to-day basis. In addition, the board withdrew previous approval of the funeral home as an intern training agency and imposed a $500 fine and assessed costs against the petitioners.
In their brief, petitioners raise two points for consideration; however, due to our determination that the complaint was insufficient to charge a violation of Section 470.12(1)(g), it will be unnecessary to consider petitioners' second point.
The statute in question, entitled "Ground for revocation of license" reads as follows:
"(1) Embalmer  Whenever it shall appear to the board that any licensed embalmer practicing in the state has been guilty of any of the following acts, his license shall be revoked by the board:
* * * * * *
"(g) The licensee has made the payment of money a condition for the release of a dead human body to any funeral *368 director or funeral home authorized in writing or telegram by an authorized person to take custody and possession of the deceased body."
In short, the complaint did not charge and the evidence did not show that the petitioners declined to release the deceased's body to any funeral home or funeral director until a sum of money first was paid. The complaint did allege and the evidence did reflect that Reed refused to release the body to the daughter and son until he was paid a sum of money.
The record shows that as soon as Judge Earnest signed his order and as soon as a second funeral director was called and appeared at the Reed-Gautier Funeral Home, the latter willingly  perhaps even anxiously  relinquished the body.
Under these circumstances, we do not think the complaint sufficiently establishes a violation of the statute which justified the board's actions against the petitioners. To decide this case otherwise might mean that individuals, the next of kin of a decedent, would be entitled to demand release of a dead human body from one funeral home before they have obtained another funeral home or funeral director to receive the body. We do not think the statute was intended to have such an effect.
An information or complaint filed by an administrative agency does not have to fulfill the technical niceties of a pleading filed in a court; however it must be specific enough to inform the accused with reasonable certainty of the nature of the charge against him. Robins v. Florida Real Estate Commission, Fla.App. 1964, 162 So.2d 535. The offense charged against the petitioners plainly does not fall within the statutory language. Cf. Catanese v. State, Fla.App. 1971, 251 So.2d 572.
Therefore, for the reasons stated, the writ of certiorari is granted, and the order reviewed is hereby quashed in all respects.
It is so ordered.