PEARSON, Judge.
The Department of Health and Rehabilitative Services, Division of Vocational Rehabilitation, has brought this petition for certiorari for review of an order of the Career Service Commission of the Department of Administration. The Career Service Commission and the dismissed employee, Robert C. Smith, are the respondents here. Mr. Smith was discharged foe (1)falsifying client records, (2) wilfully violating the written rules and regulations and the policies of the division and (3) failure to follow “oral and/or written” instructions. The discharge was reviewed by the Commission and after a lengthy hearing at which respondent Smith and other employees testified, the Commission entered the following order:
“Based upon the foregoing findings of fact and conclusions, it is the opinion of this Commission- that, although the Appellant did, in some instances, fail to properly document certain closures, or misrepresented the true facts thereon, the action taken by the Agency was too severe since the Appellant had been a good employee in the past and had rendered good service to many people in need of the Agency’s assistance. Accordingly, it is
“ORDERED that the action taken by the agency be altered, the dismissal rescinded and, in lieu of dismissal that the Appellant be suspended without pay from the effective date of Appellant’s dismissal, June 9, 1974, to and including November 29, 1973, the date previously set for hearing on the appeal.”
The basis for our review of this order of the Commission is found in Fla.Stat. § 110.061, as follows:
“(4) The exercise by the career service commission of the powers, duties, and functions prescribed by this section shall be reviewable only by the judiciary on the grounds that:
“(a) The commission did not afford a fair and equitable hearing;
“(b) The decision of the commission was not in accordance with existing statutes or rules and regulations promulgated thereunder; or
“(c) The decision of the commission was not based on substantial evidence.”
It should be noted that the extent of our review has been clearly circumscribed by the legislature, and we are not to interfere with the results of the Commissioner’s work unless we find that (a) the hearing was not fair, or (b) the decision was not authorized by the statutes or the rules and regulations, or (c) the evidence is not sufficient.
The petition alleges that the decision was not authorized because the Commission violated Fla.Stat. § ' 120.26(1)[1] when it refused to permit the Department to call the employee, Smith, as a witness. We hold that the cited section does not authorize the Department to make the employee a witness against himself. Kozerowitz v. Florida Real Estate Commission, Fla.1974, 289 So.2d 391.
Secondly, it is urged that the hearing was not fair because the Commission refused to hear the testimony of one Queen Johnson, a co-employee. However, the tendered testimony was cumulative and tended to prove a fact that the Commission found to be true. Therefore, the failure to hear the designated testimony did not render the hearing unfair.
Lastly, it is urged that the hearing was not fair because it limited the Depart *160 ment’s cross-examination of the discharged employee. But one may not do on cross-examination that which may not be done on direct. The cross-examination attempted was for the purpose of forcing admissions of rules violations. Under such circumstances, the Commission properly limited the cross-examination to matters covered upon direct.
The respondent employee has filed a cross-petition in which he urges that the punishment is too severe. We do not find authority in the statute for this court to consider the severity of the punishment unless it demonstrates a departure from the statutes or rules or is patently unfair.
Accordingly, the petition and cross-petition are denied.

. “120.26 Procedure for due process. — The agency shall afford each party authorized by law to participate in an agency proceeding the right to:
“(1) Present his ease or defense by oral and documentary evidence.”