### KNOWLES, et al v. DADE COUNTY.

No. 77-3918 (40).

Circuit Court, Dade County.

May 3, 1977.

Denis Dean, Miami, for the petitioners.

Stuart L. Simon, County Attorney, Murray A. Greenberg, Assistant County Attorney, for the respondent.

ARDEN M. SIEGENDORF, Circuit Judge.

*Final judgment granting writ of certiorari:* This cause came on to be heard before the court pursuant to a petition for writ of certiorari filed on behalf of the petitioners, Reginald Knowles and John Sewell, against the respondent, Metropolitan Dade County, in which the petitioners are seeking reinstatement to their positions as police officers with the Public Safety Department of Metropolitan Dade County, after having been terminated therefrom.

The court has read and considered the transcript of record, appendix and brief filed herein, and on April 14th, 1977, oral argument was presented by counsel for the parties.

The court makes the following findings of fact and conclusions of law —

### Findings of fact

1. The petitioners, prior to the actions complained of, were permanent employees of the Respondent, Metropolitan Dade County, as police officers with the Public Safety Department.

2. The respondent, Metropolitan Dade County, is a political subdivision of the state of Florida, and at all times material hereto was the employer of the petitioners.

3. On May 12th, 1976, E. Wilson Purdy, Director of the Public Safety Department, Metropolitan Dade County, notified the petitioners, Reginald Knowles and John Sewell, by letter that they were dismissed from their positions with the Dade County Public Safety Department effective May 19, 1976, under the provisions

of the Dade County Personnel Rules and the rules of the Dade County Public Safety Department.

4. In accordance with Section 2-47, of the code of Metropolitan Dade County, the petitioners sought review of their dismissal before a hearing examiner, and on January 5th, 1977 the cause was heard before a hearing examiner.

5. At the personnel hearing the assistant county attorney, over objection from petitioners' counsel, called the petitioners to testify in support of the county's case which was being presented at the time.

6. The hearing examiner after presentation of testimony and exhibits issued his opinion consisting of findings of fact and recommendations to the county manager, Metropolitan Dade County.

7. On January 5th, 1977, petitioners were notified by the county manager that he was upholding the decision of the director of the Dade County Public Safety Department in dismissing the petitioners as police officers and thereafter in accordance with appropriate rules thereon, petitioners filed their petition for writ of certiorari with this Court.

## Conclusions of law

1. In certiorari proceedings from an order of an administrative agency in a quasi-judicial proceeding, the circuit court is limited in the scope of its review to determining whether procedural due process has been accorded the petitioners, whether essential requirements of law have been observed and whether the charges are supported by substantial, competent evidence. *Metropolitan Dade County v. Mingo,* 339 So.2d 302 (Fla. App. 3d 1976).

2. The personnel "appeal" before the hearing examiner, while considered an administrative proceeding was "penal" in the sense that it concerned itself with charges against the petitioners which tended to degrade their professional standing, reputation and livelihood. *State ex rel. Vining v. Florida Real Estate Commission,* 281 So.2d 487 (Fla. 1973); *Kozerowitz v. Florida Real Estate Commission,* 289 So.2d 391 (Fla. 1974).

3. As to both petitioners there was a substantial violation of procedural due process by the action of the hearing examiner in requiring the petitioners to testify in support of the county's case upon being called by the assistant county attorney.

4. As to the petitioner, Reginald Knowles, there is substantial, competent evidence to support the action of the county manager in upholding the dismissal.

5. As to the petitioner, John Sewell, there is an absence of substantial, competent evidence to support the action of the county manager in upholding the dismissal.

6. The writ of certiorari is granted as to both petitioners, the decision of the county manager quashed and the respondent is directed to reinstate the petitioners to the positions they held at the time of their dismissal, with full back salary and other emoluments of their job.

7. The respondent may take further action and provide another hearing to the petitioner, Reginald Knowles, with the elimination of the procedural error discussed herein.