BARBARA MEDDERS (DAVIS) v. RONALD R. MEDDERS

No. 7810SC491

(Filed 17 April 1979)

1. **Husband and Wife § 10.1— support provisions of separation agreement—uncertain duration—enforceability**

   A provision of a separation agreement requiring the husband to pay the wife $700.00 per month commencing on the date of the agreement, when considered with a further provision that "this amount is established on a temporary basis," was not unenforceable because of uncertainty as to duration, since a reasonable time will be implied, and since it is clear from the circumstances and the terms of the agreement that the agreement was to remain enforceable and the amount of payment was to remain constant until the execution of a subsequent agreement.

2. **Husband and Wife § 10.1— separation agreement—revocation "as necessity may dictate"—definiteness**

   A provision of a separation agreement that the monthly amount to be paid by the husband to the wife could be revoked "as necessity may dictate" did not make the agreement too indefinite to be enforceable.

3. **Husband and Wife § 10.1— separation agreement—revocation "as necessity may dictate"—notice of termination**

   A separation agreement was not terminable at will because it provided that it could be revoked "as necessity may dictate"; therefore, the husband could not terminate the agreement until he had notified the wife of the occurrence of the specified contingency.

4. **Husband and Wife § 12— separation agreement—monthly payments as support—termination upon remarriage**

   The trial court could properly find from the evidence that the $700.00 monthly payments which a separation agreement required the husband to pay to the wife were for support and that the payments were to terminate upon the wife's remarriage.

5. **Husband and Wife § 12— separation agreement—payments as support for wife and daughter—reduction when daughter no longer resided with wife**

   The evidence supported the trial court's determination that a $700.00 monthly payment which a separation agreement required the husband to make to the wife was intended as support for the wife and a daughter, that the parties intended that the payment would be reduced when the daughter no longer resided with the wife, and that a reasonable amount of such reduction within the intent of the parties was $250.00.

APPEAL by plaintiff and defendant from *Brewer, Judge.* Judgment entered 31 January 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 26 February 1979.

Plaintiff filed complaint in District Court seeking money damages for breach of a separation agreement executed by plaintiff and defendant in Mullins, South Carolina.

The agreement provided in pertinent part:

"WHEREAS, the parties hereto are Husband and Wife, and there have been two (2) children of said marriage, to wit: Ronda Lee Medders, age 19 years; and Ronald R. Medders, Jr., age 16 years;

WHEREAS, in consequence of Husband having demanded that wife vacate the home which they live in in Mullins, South Carolina, and the wife having done so, it being acknowledged by husband that such leaving on the part of wife does not constitute desertion by wife, and that said leaving was at the request and consent of husband, the parties have separated, and the parties agree to the following:

\*     \*     \*

3. Husband freely agrees to accept the responsibility for all debts incurred by himself and his wife as of the date of this Agreement, February 20, 1975, and agrees to pay all such debts in full. Husband further agrees to pay in full any bank notes or existing charge accounts in both names for all debts incurred through the date of this Agreement. Husband agrees to convey to wife one of the automobiles which they own, and that he will complete all payments on said automobile. Husband further agrees to maintain at his expense adequate liability and collision insurance on said automobile for his wife and for any of their children which may drive said automobile.

\*     \*     \*

9. Husband agrees to pay unto wife the sum of Seven Hundred and no/100 ($700.00) Dollars per month commencing on the date of this Agreement. It is agreed that wife shall receive such funds tax free, and that all income taxes, if any, on said sum shall be paid for by husband. It is also agreed that this amount is established on a temporary basis and may be revoked by husband or wife as necessity may dictate. It is also agreed that it is probable that such sum will have to

Medders v. Medders

be increased when their son begins living with wife at the end of the current school year. The parties hereto leave open the matter of any alimony or child support should a divorce action ever be instituted by one against the other."

Defendant filed answer moving for dismissal for failure to state a claim. As a further defense, he alleged compliance with the agreement's terms. Subsequently, defendant filed motion for a transfer of the action to Superior Court. The motion for dismissal was denied. The motion for transfer was allowed.

At trial, plaintiff's evidence tended to show that the separation was initiated by defendant; defendant had failed to comply with the terms of the agreement; consequently, the house had been taken through foreclosure proceedings, and her car had been repossessed. Plaintiff testified that the $700.00 payments were in the nature of a settlement; but she admitted that she agreed to accept less than $700.00 until after their daughter's wedding. She stated:

"[M]y daughter had a bedroom while she was there. Utilities were $75 to $100 a month and were not included in the rent. Water was about $30.

Approximately $50 to $75 a week was our food bill. Maybe one-third of that was attributable to my daughter. I couldn't tell a great deal of difference in the expenses after my daughter got married. After she was married, I expected my husband to resume paying $700 a month."

Defendant presented evidence tending to show that he subsequently mailed plaintiff payments on various dates and that he stopped making all payments at the end of November 1975 when he became unemployed.

Defendant also testified:

"[A]t the time of signing the Separation Agreement, I had in mind two things—first, to hold on to the job and didn't want a big court battle; second, I didn't want to burn any bridges behind me in case we could reconcile. So I signed the Agreement looking at it as an interim-type or temporary-type agreement.

*     *     *

I understood the $700 would go for the support of the household which at that time included a daughter and possibly a son later on. There was no determined number of what would be for my wife, how much would be for the daughter or son. I didn't have a clear understanding on that. It was my understanding that it was not all for my wife. I understood it to cover all my daughter's expenses while she was living with her mother."

The trial court found: the agreement to be valid and enforceable; that the $700.00 was intended as support for plaintiff and the parties' daughter; that it was the intent of the parties that a portion of the $700.00 monthly payments be reduced when the parties' daughter no longer resided with plaintiff; that a reasonable amount of abatement within the intent of the parties was $250.00; that defendant owed plaintiff $8,700.00 under the terms of the agreement; and it was in the contemplation of the parties that the payments to plaintiff would terminate upon her remarriage.

Plaintiff and defendant appealed.

*Cheshire, Bruckel & Swann, by William J. Bruckel, Jr. and Michael A. Swann, for plaintiff appellant.*

*Barringer & Howard, by Robert E. Howard, for defendant appellant.*

ERWIN, Judge.

### Defendant's Appeal

The validity, effect, and construction of the agreement before us is governed by the law of South Carolina. 24 Am. Jur. 2d, Divorce and Separation, § 884, p. 1004.

Under the law of South Carolina, it is the court's duty to effect the intention of the parties in construing a contract to the end that justice may be done. *Rainwater v. Hobeika*, 208 S.C. 433, 38 S.E. 2d 495 (1946).

Defendant contends the trial court erred in finding Section 9 of the agreement valid and enforceable. We find no error.

[1] The provision in question provided for the payment of $700.00 monthly, commencing on the date of the agreement. It is certain as to the amount and as to the time of payment. Its only uncertainty is to the duration of performance, but this uncertainty is not fatal. Where parties to a contract express no period for its duration and no definite time can be implied from the circumstances surrounding them, the contract extends for a reasonable time. *Childs v. City of Columbia*, 87 S.C. 566, 70 S.E. 296 (1911). Conversely, it follows that if a definite time can be implied from the circumstances surrounding the execution of the contract, then such time period governs the duration of performance. *See Childs v. Columbia, supra*. The circumstances surrounding the agreement and the terms of the agreement itself indicate that the contract was to remain enforceable for an indefinite period:

> "[N]o Decree obtained by either party shall in any way affect this Agreement or any of the terms, covenants, or conditions hereunder, this Agreement being unconditional and both parties intending to be legally bound thereby, except to such extent as may be herein limited with particular respect to any amount of alimony or child support."

The parties' use of the term on a *temporary basis* does not make the agreement too uncertain for enforcement. It is clear from the circumstances that the amount of payment was to remain constant until the execution of a subsequent agreement. The mere fact that the amount of future support payments is to be agreed upon in the future does not make the agreement invalid for indefiniteness and uncertainty as to the present certain terms. *See generally* 1 Corbin on Contracts § 97 (1963 & Supp. 1971). The cases relied on by defendant do not establish a contrary proposition. What they indicate is that the enforceability of the unagreed upon terms may be too uncertain to be enforced where specific performance is sought. *See Craven v. Williams*, 302 F. Supp. 885 (D.S.C. 1969).

[2] Defendant's contention, that the parties' provision that the agreement would be revocable "as necessity may dictate" makes the agreement too indefinite, is without merit. Parties to a contract may expressly reserve a power to cancel or terminate the agreement upon a specified contingency or designated event.

*Helsby v. St. Paul Hospital and Casualty Company*, 195 F. Supp. 385, (D. Minn. 1961), *aff'd*, 304 F. 2d 758 (8th Cir. 1962); 17 C.J.S., Contracts, § 100(6), p. 809.

In Helsby, *supra*, the District Court held an employment contract terminable only "with cause" sufficiently certain to be enforceable. A power to revoke "as necessity may dictate" is also sufficiently certain to constitute a valid and enforceable term.

[3] Defendant contends that the contract was one terminable at will and that no notice was required. This contention is also without merit.

The agreement by its express terms provided that it was to be revocable only "as necessity may dictate." It was not one terminable at will. Defendant's power to terminate the agreement was contingent upon the occurrence of a specified contingency. Until the contingency occurred, defendant had no power to terminate it. *A fortiori*, he could not terminate the agreement until he had shown the occurrence of the specified contingency. 6 Corbin on Contracts § 1266 (1962 & Supp. 1964). Where an agreement extends for an indefinite duration and is only revocable upon the occurrence of a specified contingency, it is incumbent upon the party asserting the occurrence of the condition to notify the other party to the agreement of the occurrence. *See generally* 6 Corbin on Contracts § 1266 (1962 & Supp. 1964). This defendant did not do. His attempted revocation of the agreement was ineffective, and the trial court correctly found him liable for failing to pay in accordance with the contract's terms.

We find no error in the trial court's rulings as to defendant.

### Plaintiff's Appeal

[4] Plaintiff contends that the trial court erred in finding that the $700.00 monthly payments were for support and thus terminated upon her subsequent remarriage.

Section 9 of the agreement provides for the payment of $700.00 monthly. It does not specify whether the payments are for support or property settlement. It provides that the payment of money shall be "tax free"; but also provides that the parties "leave open the matter of any alimony or child support should a divorce action ever be instituted by one against the other." Parol

Medders v. Medders

evidence was admissible to ascertain the true meanings and intentions of the parties. *Herndon v. Wardlaw*, 100 S.C. 1, 84 S.E. 112 (1915). We find no error in the court's admittance of the parol evidence or in the court's determination that the payments were to cease upon remarriage.

Unless a contrary intention is expressed, a wife's remarriage terminates the husband's obligation to support her under a separation agreement which is silent on the question of the wife's remarriage. Annot., 48 A.L.R. 2d 318 (1956). Here the agreement is noticeably silent on the question of the effect that the wife's remarriage would have. The trial court could properly find from the evidence presented that the payments were to terminate upon the subsequent remarriage of the spouse.

[5] Plaintiff's final assignment of error is that the court erred in abating the $700.00 monthly payments by $250.00. We disagree.

Section 9 of the agreement expressly states that the plaintiff is to receive such funds tax free, and that all income taxes, if any, are to be paid by the husband. The agreement further provides that it is to be binding on the parties except as limited therein to alimony or child support. Language creating such an ambiguity may be clarified by looking at the subject matter and surrounding circumstances at the time the agreement was executed. *Herndon v. Wardlaw*, 100 S.C. 1, 84 S.E. 112 (1915); 3 Corbin on Contracts § 543 (1960 & Supp. 1971).

From the evidence presented at trial, the trial court could properly conclude that the parties intended that the monthly payments abate by $250.00 when the daughter no longer resided with plaintiff. We find no error.

The judgment entered below is affirmed as to both the plaintiff and defendant.

Judges PARKER and HEDRICK concur.