426 So.2d 1149 (1983)
Walter JACKER, Appellant,
v.
SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 82-191.
District Court of Appeal of Florida, Third District.
February 8, 1983.
*1150 Maguire & Friend and Michael P. Maguire, Coral Gables, for appellant.
Haygood & Williams and Gerald A. Williams, West Palm Beach, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We affirm the administrative order under review which adopted the hearing examiner's recommendation approving the dismissal of Jacker (a non-instructional employee of the School Board) for failing "to show proper respect for the authority of supervisors/managerial employees employed by the Employer." We hold that (1) even if it were arguable that the administrative complaint, placing Jacker on notice of the charge upon which he was found guilty and fully describing the acts which gave rise to the charge, did not completely apprise Jacker of the details that he was called upon to defend, (a) charges in administrative proceedings need not be set forth with the technical nicety or formal exactness required of pleadings in court, Florida Board of Pharmacy v. Levin, 190 So.2d 768 (Fla. 1966); State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705 (1934); Seminole County Board of County Commissioners v. Long, 422 So.2d 938 (Fla. 5th DCA 1982); Reed-Gautier Funeral Home, Inc. v. State Board of Funeral Directors and Embalmers, 295 So.2d 366 (Fla. 3d DCA 1974); Morris v. City of Hialeah, 140 So.2d 615 (Fla. 3d DCA 1962); (b) Jacker's failure to seek particularization of the charges prior to the hearing and his election to proceed with the hearing despite the hearing examiner's offer to allow him additional time to *1151 prepare waived any claim of lack of specificity; and (c) the record adequately demonstrates that he was neither misled nor embarrassed in the preparation of his defense, see Powell v. Board of Public Instruction, 229 So.2d 308 (Fla. 1st DCA 1969); Morris v. City of Hialeah, supra; (2) notwithstanding the absence of a specific rule of conduct requiring that employees show proper respect for their employers, "as a matter of common sense if not [of] common law," such a requirement is inherent in the employment relationship, Meehan v. Macy, 392 F.2d 822, 835, modified, 425 F.2d 469 (D.C. Cir.1968), aff'd en banc, 425 F.2d 472 (D.C. Cir.1969); Haag v. Revell, 28 Wash.2d 883, 184 P.2d 442 (1947), and the right of a public employer to discipline an employee for "proper cause," see § 447.209, Fla. Stat. (1979), embodies, without the need for separate delineation, the right to discipline for failure to show proper respect to the employer, see Helsby v. St. Paul Hospital & Casualty Co., 195 F. Supp. 385 (D.Minn. 1961), aff'd, 304 F.2d 758 (8th Cir.1962); Dorrance v. Hoopes, 122 Md. 344, 90 A. 92 (1914); Haag v. Revell, supra; see also Farnell v. Albuquerque Publishing Co., 589 F.2d 497 (10th Cir.1978); Host Services, Inc., 111 L.R.R.M. 1047 (1982); Griffin Grocery Co. v. Thaxton, 178 Ark. 736, 11 S.W.2d 473 (1928); and (3) because the record indisputably reflects that Jacker's disparaging racial remarks concerning a supervisor were made on the job to another supervisor and in the presence of Jacker's co-workers and threatened proper supervisory discipline and employee harmony, cf. Smith v. School Board of Leon County, 405 So.2d 183 (Fla. 1st DCA 1981) (private after-office-hours comment to superior expressing displeasure at evaluation report not "misconduct in office"); Waters v. Chaffin, 684 F.2d 833 (11th Cir., 1982) (state's interest in suppressing private after-office-hours comment to fellow employee did not outweigh right to bellyache about job), the School Board's interest in prompting the efficiency of the public service it performs clearly outweighed Jacker's right to speak (on a matter of no public concern) and his dismissal was not constitutionally prohibited, compare Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), with Cowell v. Fuller, 362 So.2d 124 (Fla. 3d DCA 1978), and cases collected therein at note 2.
Affirmed.
JORGENSON, Judge, concurring.
I agree with both the rationale and the result reached in this case and write separately only to point out that our affirmance today should not be read as an approval of loose pleading practices on the part of administrative agencies. Public employees when faced with the ultimate sanction of termination are entitled to have the charging document specify the rule the agency alleges has been violated and the conduct which occasioned the violation of the rule.