PER CURIAM.
Enterprise Building Corporation, a contractor, appeals from the denial by the Pinellas County School Board of Enterprise’s application for prequalification as a bidder on construction projects. We affirm.
Enterprise cogently argues that the denial was improper because of (1) abuse of discretion by the Board in denying prequa-lification; (2) failure of the Board to adopt under chapter 120, Florida Statutes, a rule corresponding to section 6A-2.31(9), Florida Administrative Code, regarding, among *687 other things, past satisfactory performance being a criterion for prequalification; (3) lack of a formal order by the Board denying prequalification; and (4) lack of adequate notice of hearing on the prequalifieation issue.
As to the first argument, we find no abuse of discretion under the facts of this case which involved whether there had been past satisfactory performance by the contractor on another job. See Couch Construction Co., Inc., v. Department of Transportation, 361 So.2d 184, 187 (Fla. 1st DCA 1978).
As to the second and third arguments, whether or not chapter 120 applied, which we do not address, any failure of the Board to follow the procedures of that chapter regarding adoption of rules was harmless. There was no showing that denial of prequalification would not have resulted even if there had been formal adoption of the rule contended for or that the absence of a formal order was prejudicial. See Wahlquist v. School Board of Liberty County, 423 So.2d 471 (Fla. 1st DCA 1982); Polk v. School Board of Polk County, 373 So.2d 960 (Fla. 2d DCA 1979).
As to the fourth argument, although it is debatable whether adequate notice was given, we are unable to find improper action by the Board in that respect under the facts of this case. In any event, that issue was not sufficiently preserved for appeal. See Jacker v. School Board of Dade County, 426 So.2d 1149 (Fla. 3d DCA 1983).
AFFIRMED.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.