605 So.2d 523 (1992)
German ROSARIO, Appellant,
v.
William C. BURKE, Superintendent of the School Board of Hendry County, Florida, Appellee.
No. 92-00252.
District Court of Appeal of Florida, Second District.
September 9, 1992.
Rehearing Denied October 6, 1992.
Douglas L. Wilson of Fla. Rural Legal Services, Inc., Immokalee, for appellant.
Gavin W. O'Brien, Bradenton, for appellee.
ALTENBERND, Judge.
German Rosario appeals an order entered by the School Board of Hendry County upholding the termination of his employment as the head custodian at LaBelle Elementary School. He was terminated on June 12, 1990, for "gross insubordination." We reverse the order because the evidence, although establishing a strong, continuing disagreement between Mr. Rosario and the school principal, did not establish gross insubordination for purposes of section 231.36(6)(b), Florida Statutes (1989).
Mr. Rosario served as head custodian at LaBelle Elementary School for approximately eight years. There is no dispute that he adequately performed his job for a number of years despite a limited ability to read and write English. In the spring of *524 1990, the school principal recommended that another custodian's contract not be renewed for the 1990-1991 school year. That employee's contract was not renewed. Mr. Rosario strongly disagreed with this recommendation. Without detailing the evidence, there is no question that the principal fairly regarded Mr. Rosario's conduct concerning this disagreement to be impolite and disrespectful.
Although an at-will employee in the private sector could be easily terminated for conduct similar to Mr. Rosario's, this case involves a school board supervisory staff member with an annual contract. He can only be dismissed during the term of the contract for "immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude." § 231.36(6)(b), Fla. Stat. (1989). This case involves allegations of gross insubordination only.
The statute does not define "gross insubordination." The First District, in a similar case, relied upon the regulatory definition of "gross negligence" that applies in proceedings to dismiss instructional personnel. Smith v. School Bd. of Leon County, 405 So.2d 183 (Fla. 1st DCA 1981). Under that definition, gross insubordination requires proof of "a constant or continuing intentional refusal to obey a direct order, reasonable in nature, and given by and with proper authority." Fla. Admin. Code Rule 6B-4.009(4). We are inclined to believe that gross insubordination by a custodial supervisor could involve conduct beyond this definition. Cf. Jacker v. School Bd. of Dade County, 426 So.2d 1149 (Fla. 3d DCA 1983) (affirming dismissal of noninstructional employee for disparaging racial remarks and failure "to show proper respect for the authority of supervisors/managerial employees" because that requirement is inherent in public employer's right to discipline employee for "proper cause," as provided in section 447.209, Florida Statutes (1979)).[1]
Because the statute is penal in nature, it must be construed in favor of the punished employee. Gainey v. School Bd. of Liberty County, 387 So.2d 1023 (Fla. 1st DCA 1980). While there is considerable evidence that Mr. Rosario was disrespectful of the principal and attempted to create friction and disagreement between the principal and other employees, there is no competent substantial evidence in this record that Mr. Rosario refused to obey a direct order. The letter notifying Mr. Rosario of the reasons for his recommended dismissal refers only to "insubordination." The conduct described in the letter does not involve a violation of any direct order or a gross violation of any personnel rule. If Mr. Rosario had been given a letter of warning directly instructing him to cease his disruptive campaign in favor of the fired custodian and against the principal, our result would almost certainly be different. As in Smith, Mr. Rosario's conduct may have been contemptuous and may have risen even to the level of simple insubordination, but there is no competent substantial evidence in this case of gross insubordination.
Accordingly, we reverse the final order and remand for Mr. Rosario's reinstatement for the remainder of the term of his annual contract, with back pay as appropriate. Cf. South Florida Water Management Dist. v. Caluwe, 459 So.2d 390 (Fla. 4th DCA 1984) (public employee who was wrongfully discharged should not received back pay in addition to unemployment benefits; amount of back pay should be off-set by unemployment benefits already received).
*525 Reversed and remanded with instructions.
PARKER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] We are not completely convinced that the legislature initially intended the narrow grounds for dismissal described in section 231.36(6)(b) to apply to nonprofessional supervisory staff, as compared to principals, assistant superintendents and other certified positions. Nevertheless, the statute was interpreted to include such public employees in 1981, after the enactment of section 447.201-.609, which applies generally to public employees. See Smith v. School Bd. of Leon County, 405 So.2d 183 (Fla. 1st DCA 1981). Section 231.36 was amended after the Smith decision without any disapproval of that decision. If the statute requires modification or clarification concerning nonprofessional supervisory school personnel, that change should occur in the legislature.